UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES RIVERS                                          CIVIL ACTION

VERSUS                                                NO: 07-7916

FIDELITY NATIONAL PROPERTY &                          SECTION: R(4)
CASUALTY INSURANCE, ET AL.

**ORDER**

Before the Court is defendant Fidelity National Property & Casualty Insurance Company's unopposed Motion for Summary Judgment. For the following reason, Fidelity's motion is GRANTED.

James Rivers' New Orleans home was severely damaged by Hurricane Katrina. At the time, Rivers insured his home with a Standard Flood Insurance Policy issued by Fidelity as a "Write Your Own" carrier under the National Flood Insurance Program. This policy had building limits of $102,000.00 and no contents coverage. Following Katrina, Fidelity inspected Rivers' property

and paid-out the policy limits for Rivers' dwelling.[1]  On May 26, 2006, Rivers requested that Fidelity add contents coverage to his policy and provided a $105.00 check for the first premium.  On September 17, 2007, Rivers sued Fidelity in State Court to recover for damages sustained to his house and contents.  That matter was removed to the Eastern District on November 2, 2007.  Fidelity now moves to dismiss Rivers' claims on summary judgment.

Fidelity's argument has three parts.  *First*, Fidelity argues that Rivers cannot recover further for dwelling damage, because Fidelity has already paid-out Rivers' dwelling limits.  *See* 44. C.F.R. Pt. 61. App. A(1) Art VII(V)(2)(a)(1)("we will pay to repair or replace the damaged dwelling...but not more than the least of the following amounts: 1. The building limits of liability shown on your Declarations page"); *id.* at Art VII(C)(1)(a)("we will pay only the proportion of the loss that the amount of insurance that applies under this policy bears to the total amount of insurance covering the loss").  *See also Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998)(noting that the terms of a SFIP "must be strictly construed and enforced").

*Second*, Fidelity argues that Rivers cannot recover for contents damage, because Rivers did not apply for contents

---

[1] Fidelity sent Rivers a $20,000.00 advance on November 1, 2005 and the remaining $82,000.00 on November 16, 2005.

2

coverage until May 26, 2006. Fidelity asserts that, under federal law, Rivers' contents coverage was not effective until June 25, 2006 - well after Rivers suffered contents loses from Katrina. *See* 44 C.F.R. §61.11 ("the effective date and time of any new policy or added coverage or increase in the amount of coverage shall be 12:01 a.m. (Local time) on the 30th calendar day after the application date and the presentment of payment of the premium"). *See also, Qualey v. Gaynell J. Martin Ins. Inc.*, No. 06-5327, 2008 WL 4544363, at *1 (5th Cir. 10/8/08)("Federal regulations provide that a request for new or increased flood coverage will be effective thirty (30) days after the application date and payment of premium"); *Cochran v. State Farm Fire & Cas. Co.*, No. 06-5637, 2008 WL 417751, at *1 (E.D.La. 2/13/08)("Flood insurance policies...are subject to a thirty-day waiting period before they take effect"); *Santangelo v. State Farm Fire & Cas. Ins. Co.*, No. 06-828, 2007 WL 1655549, at *5 (E.D.La. 5/6/07)("Because the...premium was paid on August 26, 2005, the Court finds that the effective date of plaintiff's flood policy was September 25, 2005"); *Cousins v. Allstate Ins. Co.*, No. 06-481, 2007 WL 496621, at *1 (E.D.La. 2/9/07)("To address the problem of 'fair-weather' policy-holders, who may prefer to pay flood insurance premiums only when facing the imminent threat of flood, Congress passes an Amendment to the NFIP, requiring a

3

thirty-day waiting period for all new flood policies to take effect").

Finally, Fidelity argues that Rivers, as a holder of a Standard Flood Insurance Policy, cannot assert extra-contractual state-law claims because such claims are barred and preempted by federal law. *See, e.g.*, *Wright v. Allstate Ins. Co.*, 500 F.3d 390, 398 (5th Cir. 2007) (holding that the National Flood Insurance Act does not expressly authorize policyholders to bring extra-contractual claims against WYO insurers and that there is no evidence of congressional intent to allow policyholders to file extra-contractual claims under the Act).

The Court has reviewed Fidelity's motion and the applicable law. Finding that it has merit, the Court GRANTS Fidelity's motion and dismisses plaintiff's claims with prejudice.

New Orleans, Louisiana, this **14th** day of January, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE